IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**DERICK SMITH,**

    **Plaintiff,**

**vs.**                                             **CASE NO. 1:06CV195-MP/AK**

**OLESTER DICKENS, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that Defendants denied him due process in relation to two disciplinary reports. (Doc. 1). Defendants have filed motions to dismiss (docs. 49, 52, 56 and 59). Plaintiff has not responded.

**I.  Allegations of the Complaint (doc. 1)**

Plaintiff complains about procedural due process with regard to two disciplinary reports received on January 18, 2006 (lying to staff) and January 26, 2006 (disobeying order), specifically that he was denied written notice of the charges, denied the opportunity to present evidence and call witnesses, and denied a written statement of the evidence relied upon by the disciplinary committee. He seeks compensatory damages.

Defendants raise two important bars to recovery in this lawsuit, to which Plaintiff has not responded: Plaintiff has ongoing state court proceedings on the same two DR's

raising the same due process claims and his claim for damages is barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Under Heck, a claim for damages will be barred if "establishing the basis for the damages claim necessarily demontrate [d] the invalidity of the conviction," and no cause of action may be brought until the DR has been reversed, expunged or otherwise invalidated. See Edwards v. Balisok, 520 U.S. 641, 117 S.Ct 1584, 137 L.Ed.2d 906 (1997) (applying Heck to disciplinary proceedings); Harden v. Pataki, 320 F.3d 1289, 1295 n.9 (11th Cir. 2003) (Eleventh Circuit has interpreted Balisok to foreclose all claims challenging a disciplinary proceeding unless they were "purely procedural, as in Wolff....").

Although Plaintiff has raised procedural issues with regard to his disciplinary proceeding,[1] it seems he has raised these same issues in an ongoing state court proceeding, which raises another bar to maintaining the present suit and provides a clear directive for dismissal. See Younger v. Harris, 401 U.S. 37, 54-55 (1971) (state criminal defendants may not assert ancillary challenges to ongoing state criminal proceedings in federal court): O'Shea v. Littleton, 414 U.S. 488, 500-501 (1974); Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) (intervention in ongoing state court proceedings is not appropriate as a section 1983 cause of action when there is ample opportunity to raise constitutional challenges in those state court proceedings).

---

[1] The requirements are: (1) advance written notice; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L.Ed. 2d 935 (1974); Young v. Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).

**No. 1:06cv195-mp/ak**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motions (docs. 49, 52, 56, and 59) be **GRANTED**, and Plaintiff's complaint (doc. 1), be **DISMISSED** as barred by Heck v. Humphrey, and barred by the abstention doctrine because there are ongoing state court proceedings raising the same issues.

**IN CHAMBERS** at Gainesville, Florida, this **25th** day of November, 2008.

s/ A. KORNBLUM
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:06cv195-mp/ak**